IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL BELL,**

               **Petitioner,**

      v.                           CASE NO. 14-3056-SAC

**JAMES HEIMGARTNER,**
**Warden, et al.,**

               **Respondents.**

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Having examined the materials filed, the court finds that the filing fee prerequisite has not been satisfied and the petition is defective. Petitioner is given time to cure all deficiencies.

## FILING FEE

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a properly-supported motion to proceed in forma pauperis (IFP). This action may not proceed unless the filing fee is satisfied in one of these two ways. A prisoner seeking to proceed IFP must submit a motion upon court-approved forms containing an affidavit that includes a statement of the

1

prisoner's assets. 28 U.S.C. § 1915(a)(1). In addition, he must submit a certified accounting of the funds available to him in his institutional account. D.Kan.Rule 9.1(g);[1] see also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter HC Rules)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). The clerk shall send forms to petitioner for filing a proper IFP motion. If Mr. Bell does not satisfy the filing fee within the prescribed time, this action may be dismissed without further notice.

**BACKGROUND**

In 2003, Mr. Bell was convicted upon trial by jury in the District Court of Sedgwick County, Kansas of first-degree premeditated murder and sentenced to life without parole for 25

---

[1]   D.Kan.Rule 9.1(g)(2)(A) provides:

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

2

years. He appealed to the Kansas Supreme Court (KSC), which affirmed on October 28, 2005. He alleges that he did not pursue any state post-conviction remedies on the issue raised in his federal petition. The instant federal habeas corpus petition was electronically filed on April 7, 2014.

**CLAIM**

Mr. Bell claims that he was denied his Sixth Amendment right to effective assistance of counsel. As facts in support, he alleges that trial counsel failed to request a competency evaluation after petitioner expressed that he "was not thinking clearly, didn't understand the nature of the proceedings against him and was seeing dead people" and that counsel "failed to reveal psychological test result to the defendant."[2] Petitioner seeks an evidentiary hearing on his claim so that he may be discharged.

**DISCUSSION**

The court has reviewed this petition as required under HC Rule 4 and finds that it is defective. First, the petition is not upon court-approved forms as required by local court rule.

---

[2] Petitioner provides no description of this test result, and consequently no indication that it was crucial or even relevant to his defense. Nor does he show that he exhausted state court remedies on a claim that trial counsel was ineffective for failing to reveal test results to him.

Second, it appears that petitioner's claim was not fully exhausted and is now procedurally defaulted. Mr. Bell alleges that he raised the single ground presented in his federal petition on direct appeal, but the opinion of the KSC indicates otherwise. On direct appeal, Bell claimed that (1) his statement made during police interrogation should have been suppressed, (2) the trial court erred in giving Jury Instruction 11 and (3) prosecutorial misconduct during closing. See *State of Kansas v. Bell*, 280 Kan. 358, 121 P.3d 972 (Kan. 2005). Since petitioner's claim was not raised on direct appeal, in order to have exhausted he must have fully litigated in state post-conviction proceedings.[3] However, he alleges in his federal petition that he did not raise this issue by state post-conviction motion.

State court records indicate that Mr. Bell filed at least two state post-conviction motions. On October 4, 2006, he filed his first pro se motion pursuant to K.S.A. 60-1507. The trial court denied the motion following a non-evidentiary hearing, and Bell appealed to the Kansas Court of Appeals (KCA). The KCA found that Bell alleged the following in this 60-1507 motion:

> (1) The district court failed to conduct a competency hearing pursuant to K.S.A. 22-3302; (2) the prosecutor violated Bell's right to a fair trial by withholding exculpatory evidence about the victim's toxicology

---

[3] In order to fully exhaust state court remedies, the petitioner must present his claim first to the trial court, then to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.

4

report . . , (3) ineffective assistance of counsel because his trial counsel failed to file a motion for discovery and inspection pursuant to K.S.A. 22-3212; and (4) ineffective assistance of counsel based on his trial counsel's failure to cross-examine the coroner's finding in the toxicology report regarding the presence of drugs in the victim.

*Bell v. State*, 207 P.3d 288, 2009 WL 1499209 (Kan.App. May 22, 2009), *review denied*, (Kan. Oct. 24, 2011). The KCA further found that:

> On appeal, Bell claims that the district court erred in denying his K.S.A. 60-1507 motion without conducting an evidentiary hearing. Specifically, Bell claims he was entitled to an evidentiary hearing: (1) to determine whether the State withheld exculpatory evidence from the defense, namely Felix's toxicology report, in violation of *Brady v. Maryland* . . . and (2) to determine whether defense counsel's failure to file a motion for discovery of Felix's toxicology report constituted ineffective assistance of counsel. Bell does not argue on appeal any other issues raised in his K.S.A. 60-1507 motion, including his claim that the district court erred in failing to conduct a competency hearing. Any issues not briefed on appeal are deemed waived or abandoned. . . .

*Id.* Since petitioner did not present his competency exam claim to the appellate courts during these first 60-1507 proceedings, it is clear that it was not exhausted during these proceedings.[4]

On October 26, 2011, Mr. Bell filed a second 60-1507 motion in which he contended that "his trial counsel was ineffective for

---

[4] In 2011 "Bell filed a motion to correct an illegal sentence, arguing the district court's failure to order a competency examination violated his due process rights," which the "district court correctly denied." See *Bell v. State of Kansas*, 302 P.3d 45, 2013 WL 2991068, *1 (Kan.App. June 14, 2013), *review denied*, (Kan. Nov. 22, 2013). Bell did not appeal that ruling. *Id.*

5

failing to request a competency examination." *Id.* "Without holding a hearing or appointing counsel for Bell, the district court dismissed the motion as impermissibly successive and untimely. . . ." *Id.* The KCA found that Bell had "effectively raised and then abandoned" his "successive claim based on the absence of a competency examination before his trial." *Id.* at *2. The KCA reasoned:

> Bell alleged the district court presiding over the trial should have ordered an examination. The district court, however, saw nothing at trial to suggest Bell was incapable of understanding the proceedings or assisting in his defense. The district court had ample opportunity to observe Bell during the trial, especially given that he testified in his own defense.
>
> Bell now tries to repackage the issue as one of his trial lawyer's incompetence in failing to request an examination. But Bell's attempt to shift responsibility around from the district court to trial counsel doesn't advance his cause.

*Id.* at *2. Bell appealed this ruling to the KCA, which affirmed on June 14, 2013, and the KSC denied review on November 22, 2013.

From the foregoing the court finds that Mr. Bell failed to fully exhaust state court remedies on his claim when he had the opportunity and that his claim was eventually dismissed by the state courts as successive and untimely. Because Mr. Bell "procedurally defaulted" his claim in state court, federal habeas corpus review of this claim may be barred. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural

6

rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991); *Hume v. McKune*, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001). "A state procedural ground is independent if it relies on state law, rather than federal law . . ." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). In order to be adequate, a state default rule "must be applied evenhandedly in the vast majority of cases." *Id*. The "cause" standard requires petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id*. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)(A "fundamental miscarriage of justice" requires a petitioner to

demonstrate that he is "actually innocent" of the crime of which he was convicted.). This exception is limited to cases in which the applicant can show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner" guilty. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000)(citing *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993)(The petitioner must make a colorable showing of factual, not just legal, innocence.). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing.

The state court holdings in petitioner's second post-conviction proceedings that Mr. Bell's claim was barred as successive were based on K.S.A. 60-1507(c), which provides that Kansas courts will entertain a successive 60-1507 motion only in "exceptional circumstances." These rulings constituted independent and adequate state procedural grounds that have been evenhandedly applied.

Mr. Bell makes no attempt to show cause and prejudice and does not appear to be aware of the procedural default doctrine. In his non-form petition, after "Timliness of Petition" he states:

> Actual innocent of first degree premeditated murder under Kansas law due to personality disorder NOS diagnosis. Newly presented evidence. Also See Exhibit A attached to petition, Kansas Department of Correction mental health files, Dr. Bruce Nystrom evaluation results and supporting facts memorialized in documents ancillary to the formal record.

None of these bald references amounts to sufficient facts to meet petitioner's heavy burden of establishing actual innocence. See e.g., *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007). Mr. Bell's "Exhibit A" is his narrative description of his personal difficulties that concludes with "my rage got the best of me and I kill a friend of mine" and "I should have been getting help long ago." Petition (Doc. 1-1) at 2. His general references to KDOC "mental health files," Dr. Nystrom "evaluation results," and facts in documents include no explanation whatsoever of content and no facts to suggest qualification as newly discovered evidence.

Mr. Bell is required to submit his federal petition upon the appropriate forms and in his new petition to show either that he fully and properly exhausted state court remedies on his claim or that the procedural default of his claim in state court should be excused.

Finally, the court finds that Mr. Bell's federal petition appears to be time-barred. 28 U.S.C. § 2244(d)(1) applicable to federal habeas corpus petitions provides as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On the other hand, the statute provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

Applying these principles to petitioner's case, the court finds that Mr. Bell's conviction became "final" for § 2244(d) purposes on January 26, 2006, which was ninety days after completion of his direct appeal. The limitation period then ran without interruption until Bell filed his first 60-1507 motion on October 4, 2006. At that point 251 days of the one-year period had expired, and 114 days remained. The limitations period was tolled during the pendency of petitioner's two state collateral

10

proceedings.[5] Petitioner's second state post-conviction proceedings concluded when the KSC denied review on November 22, 2013. The federal statute of limitations started running again on this date and ran unimpeded until it expired 114 days later on March 16, 2014. As noted, Mr. Bell did not file his federal petition until April 7, 2014. It thus appears from the procedural history of petitioner's case that, without additional tolling, his federal Petition is time barred.[6] Mr. Bell is

---

[5] For purposes of initial review only, the court assumes that the limitations period was tolled during petitioner's second state collateral proceedings. While it was clearly tolled during the first, petitioner's second collateral proceedings might be held to have not tolled the federal limitations period if it were determined that this was not a "properly filed application."

[6] "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See *Hallcy v. Milyard*, 387 Fed. Appx. 858 (10th Cir. 2010)(professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling); accord *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh*, 223 F.3d at 1220; *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808.

required in his new petition to fully address the timeliness issue and show cause why this action should not be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to either pay the filing fee or submit a properly-supported motion to proceed in forma pauperis upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to submit his federal habeas corpus petition upon court-approved forms[7] and in his new petition to show full and proper exhaustion of state court remedies or that his procedural default should be excused as well as show cause why this petition should not be dismissed as time-barred.

The clerk is directed to send IPF and 2254 forms to petitioner.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2014, at Topeka, Kansas.

                                     **s/Sam A. Crow**
                                     **U. S. Senior District Judge**

---

[7] Petitioner must write this case number, 14-3056, at the top of the first page of his new petition. He must fully complete the forms, and may not simply refer to his initial petition.